## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERRICK M. WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-303-GMS |
| | ) |
| STATE OF DELAWARE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, Errick M. Wright ("Wright"), a former inmate at the Howard R. Young

Correctional Institution ("HRYCI), Wilmington, Delaware, filed this lawsuit on April 28, 2009.[1]

(D.I. 2.) Since that time, he has amended his complaint. (D.I. 7, 17.) Wright appears *pro se* and

was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 13.)

The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and §

1915A. The court will also address all motions filed by Wright. (D.I. 6, 11, 12, 19, 25, 31, 32,

35, 42, 43, 44, 46.)

## I. BACKGROUND

The complaint does not indicate under which statute Wright proceeds, but given the

allegations, the court presumes it is 42 U.S.C. § 1983. On February 3, 2009, the defendant

Joshyra Mella-Centeno ("Mella-Centeno") filed a criminal complaint against Wright for

harassment. (D.I. 2, 28.) Wright alleges that on February 4, 2009, he was slandered by the

---

[1]In a recently filed lawsuit, Wright provided the court with a new address that indicated
he is no longer incarcerated. *See* Civ. No. 09-612-GMS, D.I. 6 and USM-285 forms.

defendant Christopher David Allen ("Allen") who stated to Mella-Centeno that Wright told Allen of his sexual relationship with Mella-Centeno. (D.I. 17.)

Wright was arrested on February 5, 2009, pursuant to a warrant based upon Mella-Centeno's complaint and five outstanding capiases by the defendant Officer Schupp ("Schupp"), booked, and processed. (D.I. 2; D.I. 28 supplemental report.) Wright alleges that at the time of his arrest, Schupp failed to disclose the existence of the capiases, and that he also unlawfully seized property belonging to, or in the possession of, Wright. (D.I. 7, 17.) He further alleges that the defendants Nailah Grinnage ("Grinnage"), Jaime L. Walker ("Walker"), and Family Court Commissioner DeSales Haley ("Commissioner Haley") participated in his unlawful arrest when Schupp failed to disclose the existence of a warrant, summons, or capias. (D.I. 17.) Wright alleges that on February 5, 2009, the defendant Philip Morgan ("Morgan"), the warden at HRYCI, unlawfully seized him and property belonging to him or in his possession. (D.I. 17.)

On March 6, 2009, the State of Delaware filed an information charging Wright with the violation of Title 11, § 1311(a)(2) of the Delaware Code of 1974, as amended. (D.I. 28.) Wright was summoned to appear on April 22, 2009, in the Court of Common Pleas of the State of Delaware in and for New Castle County. (D.I. 28.) Wright alleges that the criminal action was dismissed on April 22, 2009, on the grounds that Wright was arrested without a warrant. (D.I. 2.) Wright alleges that Morgan continues to unlawfully detain him. (D.I. 17.) He also alleges that on February 10, March 26, and April 22, 2009, an investigator or attorney under the "ward and direction" of the defendant Lawrence Sullivan ("Sullivan") of the Public Defender's Office of the State of Delaware attempted to "unlawfully prohibit, misguide, or conflict with the interest of his *pro se* defense." (D.I. 17.)

-2-

Wright seeks compensatory and punitive damages, investment losses, and court costs for emotional distress and mental anguish, slander and defamation of character, unlawful arrest, and unlawful detention. After filing the complaint, Wright advised the court that he was not being held on a criminal matter, but was being held "in lieu of child support payments." (D.I. 36.)

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008)(not published); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

-3-

face.'" *Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when its factual content allows the court to draw a reasonable inference that Defendant is liable for the misconduct alleged. *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Because Wright proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

## III.   DISCUSSION

### A.   Eleventh Amendment Immunity

Named as a defendant is the State of Delaware. The only reference to the State of Delaware is in the caption of the complaint. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974).

The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *Brooks-McCollum v. Delaware,* 213 F. App'x 92, 94 (3d Cir. 2007) (not published) (citations omitted). Consequently, Wright's claim against the State of Delaware has no arguable basis in law or in fact and, therefore, it is frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).[2]

### B. Prosecutorial Immunity

Also named as defendants are Joseph R. Biden, III ("Biden"), the Attorney General of the State of Delaware, and Deputy Attorneys General Andrew J. Vella ("Vella") and Jaime L. Walker ("Walker"). There are no allegations directed towards Biden and Vella. Wright alleges that Walker participated in his alleged unlawful arrest by Schupp.

"Prosecutorial immunity embodies the 'right not to stand trial,' *Odd v. Malone*, 538 F.3d 202, 207 (3d Cir. 2008) (citations omitted). To overcome the presumption that Biden, Vella, and Walker are entitled to absolute immunity rather than qualified immunity, it must be determined whether they were functioning as the state's advocate when performing the action(s) in question. *Id.* (citations omitted) The court looks to "the nature of the function performed, not the identity of the actor who performed it." *Id.* (citations omitted). Under the functional approach, a prosecutor enjoys absolute immunity for actions performed in a judicial or "quasi-judicial" capacity. *Id.* (citations omitted). Therefore, absolute immunity "attaches to actions 'intimately

---

[2]Wright recently moved to withdraw the State of Delaware as a defendant. (D.I. 46) The court construes the motion as a motion to voluntarily dismiss pursuant to Fed. R. Civ. P. 41(a). The motion will be granted.

associated with the judicial phases of litigation,' but not to administrative or investigatory actions

unrelated to initiating and conducting judicial proceedings." *Id.* (citations omitted).

Here, there are no allegations directed towards Biden and Vella. The only reference to

Biden is his named typed in the Information charging Wright with harassment, and the only

reference to Vella is in a letter signed by him, sending Wright discovery. Their acts are clearly

acts occurring during a judicial proceeding, and ones that required advocacy on their part.

Accordingly, the court finds that Biden and Vella are entitled to absolute immunity. The court

further finds that inasmuch as there are no allegations directed towards Biden and Vella, the

claims against them are frivolous.

The allegations directed towards Walker are that he somehow participated in Wright's

alleged unlawful arrest. Exhibits provided by Wright indicate that he was arrested pursuant to a

warrant as well as the service of outstanding capiases. The complaint indicates that only Schupp

was present at the time of Wright's arrest. The allegations fail to explain how other named

defendants participated in Wright's arrest. As a result, the court cannot determine if Walker is

immune from suit. Nonetheless, the court finds the claim against Walker frivolous in light of the

vague allegations raised against him, coupled with Wright's own documents indicating that he

was arrested pursuant to a warrant and several outstanding capiases. Similarly, the court finds

that the identical claim raised against Grinnage and Commissioner Haley fails.[3]

---

[3] Wright does not explain who Grinnage is, but the court believes that she is, or was, an employee of the Delaware Division of Child Support Enforcement. Haley, a commissioner with the Delaware Family Court may be entitled to judicial immunity. However, the complaint is unclear in this regard.

For the above reasons, the court will dismiss the claims raised against Biden, Vella, Walker, Grinnage, and Commissioner Haley pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### C. State Actors

Wright names as defendants Sullivan, Mella-Centeno, and Allen. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49.

There are no allegations that Sullivan, Mella-Centeno, and Allen are state actors. Indeed, Sullivan was at the time of these alleged events the Public Defender of the State of Delaware, Mella-Centeno is a private individual who filed a criminal complaint against Wright, and Allen an individual who allegedly slandered Wright. None of them are "clothed with the authority of state law" and, therefore, the § 1983 claims against them fail. *See Reichley v. Pennsylvania Dep't of Agric.,* 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004); *Polk County v. Dodson*, 454 U.S. 312 (1981) (public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings). Therefore, the claims against Sullivan, Mella-Centeno, and Allen will be dismissed by the court as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### D. Personal Involvement/Respondeat Superior

The complaint names Warden Morgan as a defendant. Wright alleges that Morgan unlawfully seized him on February 5, 2009, the date Wright was arrested. The complaint does

not explain Morgan's role in the unlawful seizure. It appears that Wright named Morgan as a defendant based upon his position as warden at the HYRCI.

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory.[4] *See Iqbal*, – U.S. –, 129 S.Ct. 1937; *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Purpose rather than knowledge is required to impose liability on an official charged with violations arising from his or her superintendent responsibilities.[5] *Iqbal*, –

---

[4]In *Iqbal*, the plaintiff alleged supervisory officials violated his rights because one official was the "principal architect" of the policy, and another was "implemental" in adoption and execution of the policy. *See id.* at 1944. The Supreme Court found the allegations facially insufficient. *See Iqbal*, 129 S.Ct. at 1949 (quoting *Robertson v. Sichel*, 127 U.S. 507, 515-516 (1888), for the proposition that "[a] public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties").

[5]In light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides a sufficient basis to impose liability upon a supervisory official. See *Bayer v. Monroe*

U.S. –, 129 S.Ct. at 1949.  "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.*

In the present case, the complaint does not allege that Morgan implemented deficient policies, that he was deliberately indifferent to Wright's alleged constitutional wrong, or that he was "the moving force" behind the alleged harm suffered by Wright.  The claims against Morgan are frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### E.  Arrest and Detention

Wright alleges that he was unlawfully arrested by Schupp when he failed to disclose tangible evidence of the outstanding capiases, the warrant, or summons.  To state a claim for unlawful arrest, the complaint must allege that there was an arrest and that the arrest was made without probable cause. *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988).  A defense to an unlawful arrest and false imprisonment claim is that the police officer defendants acted with probable cause. *Sharrar v. Felsing*, 128 F.3d 810, 817-18 (3d Cir. 1997) (a key element of a § 1983 unlawful arrest claim is that the police officer arrested the plaintiff without probable cause).  Probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." *Gerstein v. Pugh,* 420 U.S. 103, 111 (1975) ( *quoting Beck v. State of Ohio,* 379 U.S. 89, 91 (1964)).

The allegations in the complaint and exhibits submitted by Wright, indicate that not only was there a warrant for his arrest on the harassment charge, but there were several outstanding capiases.  Thus, several warrants existed for his arrest, and Schupp had a duty to arrest him.

---

*County Children and Youth Services*, 577 F.3d 186, 190 n.5 (3d Cir. 2009)

-9-

*Scott v. State*, Civ. No. 02M-11-015, 2003 WL 21538033, at *6  (Del. Super. Ct. May 16, 2003)

(citing *State v. Severin*, Cr. No. IN-81-12-0102 and 0103, 1982 WL 593131 (Del. Super. Ct. Mar.

23, 1982) (Delaware officers have a duty to arrest the defendant as soon as possible upon

learning that there is an outstanding capias.); see also *Heine v. Connelly*, 644 F. Supp. 1508 (D.

Del 1986) (arrest based upon bench capias based upon probable cause.)

It is clear from Wright's allegations that his seizure was effected pursuant to a warrant

and outstanding capiases.  Moreover, Wright advises the court that he is not being held as a result

of criminal charges, but is being held in lieu of child support payments.  The allegations do not

rise to the level of a violation of Wright's Fourth Amendment rights.  The court will therefore

dismiss the claim against Schupp as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1).

### F. Personal Property

Wright alleges that Schupp and Morgan unlawfully seized property belonging to him.  As

of June 17, 2009, the property in question was stored and inventoried at the HYRCI.  (*See* D.I.

30.  A prisoner's due process claim based on random and unauthorized deprivation of property

by a state actor is not actionable under § 1983, whether the deprivation is negligent or

intentional, unless there is no adequate post-deprivation remedy available.  *See Parratt v. Taylor*,

451 U.S. 527, 542 (1981), overruled on other grounds by, 474 U.S. 327 (1986); *Hudson v.

Palmer*, 468 U.S. 517, 533 (1984).  Wright has available to him the option of filing a common

law claim for conversion of property.  Inasmuch as Delaware law provides an adequate remedy

for Wright, he cannot maintain a cause of action pursuant to § 1983.  *See Hudson,* 468 U.S. at

-10-

535; *Nicholson v. Carroll*, 390 F. Supp. 2d 429, 435 (D. Del. 2005); *Acierno v. Preit-Rubin, Inc.*, 199 F.R.D. 157 (D. Del. 2001) (other citations omitted).

As currently presented, the property claims against Schupp and Morgan lack an arguable basis in law or in fact and must, therefore, be denied as frivolous *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### G. Slander

Because the complaint fails to state a federal claim, the court declines to exercise jurisdiction over Wright's supplemental state law claims. 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

## IV. MOTIONS TO AMEND

Pending are five motions for "enlargement of defendants" construed by the court as motions to amend. (D.I. 31, 35, 42, 43, 44.) One motion seeks to add defendants Grinnage, Walker, and Haley. (D.I. 31.) These defendants were added in the amended complaint found at D.I. 17. Therefore, this motion to amend will be denied as moot.

Wright seeks to add a claim that his legal documents were unlawfully seized and searched during a shakedown on July 5, 2009 (D.I. 35), and that his sleeping area was unlawfully searched on July 6, 2009 (D.I. 42). He again alleges unlawful arrest, detention, and confinement and seeks to add additional defendant to this claim. (D.I. 43, 44.) Additionally, he moves to add a denial of access to the courts claim. (D.I. 44.)

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting

Fed. R. Civ. P. 15(a)).  The Third Circuit has adopted a liberal approach to the amendment of

pleadings to ensure that "a particular claim will be decided on the merits rather than on

technicalities."  *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted).

Amendment, however, is not automatic.  *See Dover Steel Co., Inc. v. Hartford Accident and*

*Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993).  Leave to amend should be granted absent a

showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

virtue of the allowance of the amendment, futility of amendment, etc."  *Foman v. Davis*, 371

U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).  Futility of

amendment occurs when the complaint, as amended, does not state a claim upon which relief can

be granted.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

If the proposed amendment "is frivolous or advances a claim or defense that is legally

insufficient on its face, the court may deny leave to amend."  *Harrison Beverage Co. v. Dribeck*

*Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

　　　The proposed amendment alleges that probation and parole officers conducted a

shakedown of Wright's housing area at the CVOP, retrieved a box that was under Wright's bed,

and reviewed the documents, some of which were legal materials.  Wright alleges, generally, an

illegal search and seizure, but the allegations indicate that his property was not seized, only that it

was searched.  He also alleges that his sleeping area was unlawfully searched.

　　　Prisoners do not have a Fourth Amendment right to privacy in their cells.  *Hudson v.*

*Palmer*, 468 U.S. 517, 529 (1984).  Notably, the Supreme Court has concluded that the Fourth

Amendment right to privacy, to be free from unreasonable searches, is fundamentally

-12-

inconsistent with incarceration. *Id.* at 527. The court finds the proposed amendments fail to state a claim upon which relief may be granted, and as such, any attempt at amendment would be futile. Accordingly, there is futility of amendment. Therefore, the court will deny the motions to amend. (D.I. 35, 42.)

The court has discussed Wright's claims of unlawful arrest, detention, and confinement and found them frivolous. Hence, his proposed amendment to include additional defendants to the claims is futile. The court will deny the motions to amend. (D.I. 43, 44.)

Finally, the court will deny Wright's motion to amend to add an access to the courts claim. (D.I. 43.) Wright alleges, generally, without specifics, that he has been denied access to the courts. A violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access. The actual injury requirement is a constitutional prerequisite to suit. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U .S. 403, 415 (2002). The proposed amendment makes no reference to an actual injury. For the above reasons, the court will deny the motion as futile and as the proposed amendment is frivolous.

## V. CONCLUSION

Based upon the foregoing analysis, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir.

-13-

1976).  The court will deny Wright's motions to amend and will deny as moot his remaining motions seeking various relief.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_____, 2009
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ERRICK M. WRIGHT,                          )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   ) Civ. Action No. 09-303-GMS
                                           )
STATE OF DELAWARE, et al.,                 )
                                           )
            Defendants.                    )

## ORDER

At Wilmington this 30ᵗʰ day of _Sept_, 2009, for the reasons set forth in the

Memorandum issued this date

    1. The complaint is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

Amendment of the complaint would be futile.

    2. The plaintiff's first motion to amend is **denied** as **moot**. (D.I. 31.)

    3. The plaintiff's motion to amend is **denied**. (D.I. 35, 42, 43, 44.)

    4. The plaintiff's motion to withdraw the defendant the State of Delaware construed as a

motion to voluntarily dismiss is **granted**. (D.I. 46.)

    5. The plaintiff's remaining motions are **denied** as **moot**. (D.I. 6, 11, 12, 19, 25, 32.)

    6. The clerk of court is directed to **close** the case.

CHIEF, UNITED STATES DISTRICT JUDGE